﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 200323-72639
DATE: March 31, 2021

ORDER

Entitlement to service connection for bilateral hearing loss is denied.

Entitlement to service connection for tinnitus is denied.

FINDING OF FACT

The Veteran’s bilateral hearing loss and tinnitus did not onset in service, and are not related to service.

CONCLUSIONS OF LAW

1. The criteria for service connection for bilateral hearing loss have not been met. 38 U.S.C. §§ 1110, 1131, 5103(a) 5103A; 38 C.F.R. §§ 3.159, 3.303, 3.304, 3.309, 3.385. 

2. The criteria for service connection for tinnitus have not been met. 38 U.S.C. §§ 1101, 1110, 1112, 1113, 1131 1154, 5100, 5102, 5103(a), 5103A, 5107, 5126; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304, 3.309, 3.326.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from August 1967 to August 1969. He served as infantry in the Vietnam War, including during the Tet Offensive.

The Veteran filed a claim for service connection under the AMA modernized review system. See 38 C.F.R. § 3.2400(a)(2)

The Veteran filed a timely Form 10182, the AMA Notice of Disagreement, with a Rating Decision issued in April 2019, after the implementation of the AMA. In response to the Form 10182, the RO issued a May 2020 notification letter, informing the Veteran that he had selected the Direct Review lane, and that therefore, the RO had placed his appeal onto the AMA Direct Review docket. Thus, the Veteran’s claim is properly in the modernized review system. See 38 C.F.R. § 3.2400(a)(2).

The RO, in its April 2019 Rating Decision, favorably found that reopening the claims on appeal, denied in a final 2008 Rating Decision, was warranted. It also found that the Veteran was exposed to noise in service, and that he had current tinnitus for purposes of VA regulations.

Entitlement to service connection for bilateral hearing loss and tinnitus

The Veteran seeks service connection for bilateral hearing loss and tinnitus. Specifically, in statements dated June 2008 and June 2012, in his May 2011 VA examination, and in his May 2020 Appellate Brief, he states that he developed hearing loss and tinnitus as a result of exposure to grenade, mortar, and small arms fire in service during the Vietnam War. 

In cases where a hearing loss disability is claimed, impaired hearing is considered a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz (Hz) is 40 decibels (dB) or greater; or when the auditory thresholds for at least three of the above frequencies are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

38 C.F.R. § 3.385 does not preclude service connection for a current hearing loss disability where hearing was within normal limits on audiometric testing at separation from service. See Ledford v. Derwinski, 3 Vet. App. 87, 89 (1992). Rather, when audiometric test results at a veteran’s separation from service do not meet the requirements of 38 C.F.R. § 3.385, a veteran may nevertheless establish service connection for current hearing disability by submitting medical evidence that the current disability is causally related to service. Hensley v. Brown, 5 Vet. App. 155 (1993).

Where the requirements for hearing loss disability pursuant to 38 C.F.R. § 3.385 are not met until several years after separation from service, the record must include evidence of exposure to disease or injury in service that would adversely affect the auditory system and post-service test results meeting the criteria of 38 C.F.R. § 3.385. Hensley, 5 Vet. App at 155. If the record shows (a) acoustic trauma due to significant noise exposure in service and audiometric test results reflect an upward shift in tested thresholds while in service, though still not meeting the requirements for “disability” under 38 C.F.R. § 3.385, and (b) post service audiometric testing produces findings which meet the requirements of 38 C.F.R. § 3.385 ; then the rating authorities must consider whether there is a medically sound basis to attribute the post service findings to the injury in service, or whether these findings are more properly attributable to intervening causes. Id. at 159.

In this case, based on the evidence of record, the Board first determines that service connection is not warranted for the Veteran’s bilateral hearing loss.

The Board concedes current tinnitus, and in-service noise exposure per the RO’s April 2019 favorable finding. 

Thus, the question presented is whether the Veteran indeed has current hearing loss, and whether a causal relationship or nexus exists between the Veteran’s hearing loss and tinnitus, and his active service. The Board finds that such a relationship is not demonstrated by the lay and medical evidence, as to either disability. 

As an initial matter, the Veteran’s October 1966 induction audiogram and July 1969 separation audiogram do not reveal a worsening or a pure tone threshold shift in his hearing during service. Further, the post-service evidence does not reflect symptoms related to sensorineural hearing loss or tinnitus for many years after the Veteran left active duty service. Specifically, while the Veteran contends that his hearing loss and tinnitus are related to service, the first clinical indication of hearing loss was not until November 1999 when the Veteran was evaluated for left ear hearing loss, and June 2000 for right ear hearing loss. His tinnitus was first reported in his June 2008 application. Further, the Veteran’s statements, including his May 2000 Appellate Brief, indicate that neither his hearing loss nor his tinnitus onset within a year after his separation from service. Thus, service connection is not warranted based on continuity of the medical or testimonial evidence. 

As part of his claim, the Board recognizes the Veteran’s statement that his symptoms onset after discharge, thus apparently asserting continuity. Unfortunately, the Board is unable to grant service connection based on the Veteran’s statement alone, as it is inconsistent with the other evidence of record. Notably, the Veteran stated that his hearing loss and tinnitus onset as a result of exposure to arms fire and explosions. According to the Veteran, he was not issued noise protection in service, was not exposed to noise after service, and indeed did not have the education for the jobs he was said to have done after service. This statement is inconsistent with the Veteran’s prior statements in treatment records dated June 2005 and January 2007, and May 2011 VA examination report where he said he was a welder for at least 10 years. This inconsistency in the Veteran’s statements limits the probative value of his assertions of continuity. 

Finally, the Veteran’s examination reports indicate that it is less likely that the Veteran has a current disability of hearing loss, which is related to service. Indeed, the internally inconsistent results noted in these reports limit their probative value. For example, at his May 2011 VA examination, the Veteran endorsed puretone averages of 48 dB in the right ear and 43 dB in the left ear. His speech recognition test, however, yielded a result of 100 percent. Such a large discrepancy between speech recognition and puretone averages indicates a less than reliable test. Furthermore, at his May 2019 C&P examination, the Veteran responded to normal conversational speech without use of visual cues throughout the exam, despite claiming bilateral hearing loss. Initial testing revealed poor agreement between speech recognition tests and puretone threshold averages. The claimant was made aware of inconsistencies, re-instructed, and re-tested, resulting in better scores. As a result, the examiner judged that she could not provide reliable test results. Given that the hearing loss did not present in service and only became noticeable more than a year after separation, the examiner ascribed the Veteran’s hearing loss to his post-service work, rather than his in-service noise exposure. This conclusion fits within the medical evidence, in which the Veteran admits to having been a welder prior to 2005. Accordingly, the Veteran’s the Veteran’s hearing loss less likely caused or aggravated in or by service.

As for tinnitus, the Veteran’s VA examiners noted that it is less likely than not caused by or a result of his military noise exposure. The Veteran’s May 2011 VA examiner indicated that the Veteran did not experience tinnitus in service, and was unable to pinpoint a time of onset. Given the absence of credible evidence that the Veteran’s tinnitus closely followed his noise exposure in service, the Board finds it less likely related to noise exposure. In this vein, the Veteran only noted to his May 2011 VA examiner that his tinnitus onset “after discharge.” In arguing that there is a medical nexus between tinnitus and in-service exposure, the Veteran admitted in his May 2020 Appellate Brief that there was no continuity of symptoms. Although he could not recall the exact onset, he does not report that the immediately followed service. Considering this evidence, and the absence of continuity, the examiner concluded that the Veteran’s tinnitus was less likely related to in-service noise exposure. Based on the medical evidence, service connection for both bilateral hearing loss and tinnitus must be denied.

The Board has considered the Veteran’s assertions relating his disorders to active service. Specifically, the Veteran asserts that hearing loss and tinnitus “may” result from the type of exposure he had in service, despite the delay in onset of symptoms. However, the Federal Circuit has held that “[l]ay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional.” Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009) (quoting Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007).

In this case, the Veteran is not competent to testify regarding the etiology of sensorineural phenomena. See Jandreau, 492 F.3d 1372 at 1377, n.4. Because such disorders are not diagnosed by unique and readily identifiable features, they do not have a simple identification that a layperson is competent to make. Therefore, the Veteran’s lay statements that his current disorders are medically related to his time in service are found to lack competence. 

In sum, the Board recognizes that the Veteran experienced acoustic trauma in service, and notes his statements regarding such events. However, despite his acoustic trauma, the medical evidence of record during his time in service and since then does not indicate that he has hearing loss or tinnitus because of such trauma. 

To the contrary, the most probative evidence of record shows no evidence linking the Veteran’s hearing loss or tinnitus to any event, injury, or disease incurred in service. Based on the evidence of record, the Veteran’s claims must be denied. The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.

 

 

B.T. KNOPE

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Z. Maskatia